IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CORIE GEZO YATES

       v.

UNITED STATES OF AMERICA

:
:
:
:
:
:

Civil Action No. DKC 26-716
(Rel. Crim. No. DKC 22-25-1)

**MEMORANDUM OPINION**

Petitioner Corie Gezo Yates ("Petitioner") filed a request for the return of currency seized from him at his arrest. (ECF No. 1). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Petitioner's request for the return of money will be denied.

## I.  Background

In the underlying criminal case (Criminal No. DKC 22-25-1), Petitioner pleaded guilty to two counts of Hobbs Act robbery (Counts One and Eight), one count of unlawful stealing, taking and carrying away firearms from the premises of a federal firearms licensee (Count Four), and one count of discharging a firearm during and in relation to one of the Hobbs Act robberies (Count Nine). In the parties' plea agreement, Petitioner admitted that he fired at an armored truck driver, stole a firearm from another armored truck driver; stole 28 firearms from a firearms store, and

stole a vehicle.  Petitioner and the government negotiated a plea where, in part, Petitioner agreed to pay restitution for the full amount of the victims' losses which the parties stipulated was at least $41,997.43.  The parties also agreed that $4,226 in cash recovered during Petitioner's arrest in Virginia would be turned over to the Clerk to be applied to restitution.  (ECF No. 31 at 13).

On February 2, 2023, the government filed a consent motion seeking the issuance of an order directing that law enforcement transfer custody of $4,226 that was seized from Petitioner at his arrest to the Clerk of this court so that it could be applied to Petitioner's monetary penalties.  Petitioner was sentenced on February 3, 2023. In addition to a term of imprisonment and supervised release, restitution of $41,448.43 was imposed and law enforcement was directed to turn over the seized cash to the Clerk. (ECF Nos. 59, 61).

The Clerk received a letter from Petitioner on April 3, 2023, advising that he lost contact with the person who was supposed to pick up his vehicle and undefined property.  (ECF No. 62).  He asked that the prosecutor let him know the place or person needed to contact so that he could again arrange for their return.

Petitioner filed a letter dated February 10, 2026.  He reported that he received his BMW vehicle, although it was damaged.

2

However, his two iPhones and jewelry were not returned.  He was told that the iPhones were destroyed.  He requested the return of $3,400 that was seized from him during his arrest.

The filing of Petitioner's letter prompted the Clerk to open this case.  *United States v. Garcia*, 65 F.3d 17, 20-21 (4th Cir. 1995)(a postconviction motion for return of property is a civil action and must be brought in the district where the property was seized).  Petitioner was notified of the opening of this civil action, the case number and other sundry information the same date. (ECF No. 2).  The Clerk issued a deficiency notice on March 10, 2026, advising Petitioner that he either must pay the $405 filing fee or file a motion to proceed in forma pauperis.  (ECF No. 3)[1].

The court issued an Order on April 13, 2026, noting that Petitioner had neither paid the filing fee nor moved for leave to proceed in forma pauperis.  (ECF No. 4).  Petitioner was advised that a post-conviction motion for the return of property under Fed. R. Crim. P. 41 constitutes a new civil action.  He was directed either to pay the fee or submit a motion to proceed in forma pauperis within twenty-one (21) days.  He was advised that failure to do either would result in the case being dismissed without

---

[1] The Prison Litigation Reform Act of 1995 (PLRA) applies to this type of civil action.  *United States v. Jones*, 215 F.3d 467, 468 (4th Cir. 2000).

further notice.  The court's order also directed the government to file a response in sixty (60) days.

Petitioner filed a letter on June 1, 2026, taking exception to the application of the court's filing fee and arguing that he should not have to pay a filing fee to get his money back.  (ECF No. 5).  The Clerk issued a deficiency notice on June 6, 2026, returning Petitioner's letter because it was unsigned and providing Petitioner twenty-eight (28) days to return the signed letter.  (ECF No. 6).  On June 17, 2026, Petitioner returned the signed letter dated June 1, 2026, and also submitted a second letter again protesting that he should not have to pay a filing fee to get his money back.  (ECF Nos. 7, 8).

On June 22, 2026, the government filed a response to Petitioner's request for the return of money along with a motion requesting the court to accept the government's response late. (ECF No. 10).

To date, Petitioner has neither filed an opposition to the government's request to accept its late-filed response nor has he filed a reply to the government's response.  Furthermore, he has not paid the filing fee or moved for leave to proceed in forma pauperis.

## II.   Standard of Review

Rule 41(g) of the Federal Rules of Criminal Procedure states

> [a] person aggrieved by an unlawful search and
> seizure of property or by the deprivation of
> property may move for the property's return.
> The motion must be filed in the district where
> the property was seized.   The court must
> receive evidence on any factual issue
> necessary to decide the motion.   If it grants
> the motion, the court must return the property
> to the movant, but may impose reasonable
> conditions to protect access to the property
> and its use in later proceedings.

Fed.R.Crim.P.41(g).   "[A] party who claims that the government must return seized property . . . must demonstrate lawful entitlement to the property and an equitable right to its return." *Babb v. U.S. Drug Enforcement Agency*, 146 F.App'x. 614, 620 (4th Cir. 2005)(internal quotations omitted)("[u]sually, this showing is minimal, as 'the person from whom the property was seized is presumed to have a right to its return'")(citing *United States v. Chambers*, 192 F.3d 374, 377 (3d 1999).

## III. Conclusion

Petitioner's request for the return of the currency seized at his arrest will be denied. Not only has he failed to remedy the filing fee/in forma pauperis issue, but the motion is filed in the wrong district because the funds were seized in Virginia. Moreover, Petitioner has not shown entitlement to the funds as he agreed in his plea agreement that the $4,226 recovered at his

arrest should be turned over to the Clerk and applied toward his restitution obligation.  The government's motion to accept its late-filed response to Petitioner's request for the return of his money will be granted as unopposed.  A separate order follows.

                                    /s/
                          DEBORAH K. CHASANOW
                          United States District Judge

6